OPINION of the Court, by
Judge Boyle.
— The appellee, as assignee of William Bryant, brought an action of debt upon a note under seal, bearing date the 17th of July, 1805, by which the appellants obliged themselves to pay to said Bryant, his heirs or assigns, £. 160 9s. on or before the 1st of August next after the date thereof. To this action the appellants pleaded, in substance, that the consideration of said note was a tract of land, containing 344 acres, sold .to them by Bryant, for the conveyance of which by deed, with general warranty, whenever the payments stipulated by *454 them should be made, he executed his bond, which they proffered in court; they aver that they had, on the-day of- — , in the year -, at the county and circuit of Franklin, made the second payment of £. 144 14s. 4d. and were then and there ready to pay the expenses attending the conveyance : nevertheless, the said Bryant had not, at the time of making said second payment, nor at any time since, conveyed the said land; wherefore they pray judgment, &c.
To this plea there was a general demurrer, which was sustained by the court below, and the plea adjudged insufficient; and the only question made before this court is as to the correctness of the decision of the court below on this point.
That the plea is bad, and the matters it contains altogether insufficient to bar the appellee of his action, the court can have no doubt. The bond set forth in the plea is not a defeasance of the obligation upon which the action was founded, nor does it contain a precedent condition, upon the performance of which the payment was to be made. The contract to convey the land, and the contract to pay therefor, are mutual executory agreements, not dependant upon each other; and the non performance of the one, cannot be pleaded in bar to an action brought for the breach of the other..
The plea is not only defective in this respect, but it is inconsistent with itself, and the principles upon which it seems to be predicated. It avers that the convey-anee was to have been made whenever the stipulated price should be paid; yet it has not stated that they were ready to pay the sum due by the note, on which the action was founded, or that they offered to do so if the conveyance should be made. Taking the contract to pay, and the contract to convey the land, as depen-dant covenants, and upon their own principles, they should tender a performance on their part, to entitle themselves to a performance on the other. If, whenever they pay the money, the conveyance shall be made, the appellee will have kept his covenant; and before payment, or at least a tender to pay, he cannot have broken it. — —Judgment affirmed.